United States District Court
Southern District of Texas
**ENTERED**
June 21, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAMERON MICHAEL MOON, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-24-2325 |
| | § | |
| STATE OF TEXAS, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is petitioner's *pro se* habeas petition filed under 28 U.S.C. § 2241, challenging the constitutionality of his pending Harris County murder prosecution. He seeks an "emergency" stay of the trial setting and dismissal of the pending murder charges. Petitioner filed this petition on Thursday, June 20, 2024, moving to stay his trial currently set for Monday, June 24, 2024.

Having considered the petition, matters of public record, and the applicable law, the Court **DISMISSES** the petition without prejudice pursuant to the *Younger v. Harris* abstention doctrine, as explained below.

### I.  BACKGROUND AND CLAIMS

Criminal murder charges are pending against petitioner in the 182nd District Court of Harris County, and his trial is currently set for June 24, 2024. *State v. Moon*, Cause No. 1467534 in the 182nd District Court of Harris County, Texas.  Petitioner argues in this

petition that the indictment and murder charges should be dismissed with prejudice for lack of subject matter jurisdiction and for violations of his constitutional rights.

Petitioner's pending criminal prosecution has a long and convoluted judicial history. In December 2008, when he was sixteen years old, a Harris County juvenile court waived jurisdiction over petitioner and certified him to stand trial as an adult in criminal district court for the murder charges. After a jury convicted him and assessed punishment for a 30-year term of imprisonment, petitioner appealed the juvenile court waiver and the conviction. A comprehensive review of the ensuing sixteen years of appeals, trial court rulings, and mandamus proceedings is unnecessary for disposition of the instant action, but can be found in *Ex parte Moon*, No. 01-18-01014-CR, 2023 WL 6627852 (Tex. App. – Houston [1st Dist.] Oct. 12, 2023). Ultimately, the waiver of jurisdiction and conviction were set aside on appeal.

For the Court's purposes in this proceeding, the juvenile court waived jurisdiction over petitioner a second time – when he was over eighteen years of age – and his subsequent judicial challenges to that action were denied or dismissed for lack of jurisdiction. His most recent judicial challenges were dismissed in state court for lack of jurisdiction. *Id*. Petitioner raises numerous claims in the instant proceeding, including challenging the state court's jurisdiction, denial of due process in the second juvenile court waiver and transfer, the constitutionality of certain Texas Family Code provisions, *ex post facto* violations, and insufficient evidence to support the juvenile court re-certification.

## II.  ANALYSIS

Challenges raised in a pretrial habeas corpus petition are governed by 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998).  A section 2241 habeas petition is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief.  *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of section 2241 petition without ordering an answer from respondent).  Federal review of pretrial habeas petitions is limited, however, to avoid unwarranted interference with ongoing state court criminal proceedings.  *See Younger v. Harris*, 401 U.S. 37, 41 (1971); *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977) (applying *Younger* abstention doctrine to pretrial habeas petition and noting "[t]here is no practical difference between granting federal habeas relief from a pending state criminal trial and enjoining the same trial").  Therefore, the Court here must examine the threshold question of whether it has subject matter jurisdiction in light of *Younger*.

As mentioned above, petitioner seeks to raise constitutional challenges related to his pending state murder prosecution. The *Younger* abstention doctrine precludes federal courts from granting injunctive or habeas relief based on constitutional challenges to state criminal prosecutions that are pending at the time the federal action is instituted. *Younger*, 401 U.S. at 41; *see also Tex. Ent. Ass'n, Inc. v. Hegar*, 10 F.4th 495, 508 (5th Cir. 2021) ("In a similar vein, *Younger* counsels that federal courts should abstain from interfering with states' enforcement of their laws and judicial functions.").  For *Younger* to apply, three criteria must

3

be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges. *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018).

Petitioner's pending state criminal proceedings satisfy these requirements. Petitioner asks the Court to intervene to resolve issues related to his pending state criminal case, including an order staying trial and dismissal of the indictment. This Court's grant of habeas relief would necessarily interfere with the state court's ability to conduct its own proceedings, in contravention of *Younger*. Further, the state has a vital interest in prosecuting violations of its criminal laws, such as the murder charges pending against petitioner. *See DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws."). In addition, petitioner can litigate in state court the claims he raises here; indeed, he has presented the pending federal claims to the state courts without success. He will have the opportunity to appeal the state court's decisions should he not prevail at trial.

Limited and narrow exceptions have been recognized to application of the *Younger* abstention doctrine. These exceptions include: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the petitioner, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived. *See Tex. Ass'n of Business v. Earle*, 388

4

F.3d 515, 519 (5th Cir. 2004). Petitioner's pleadings and the public online state court records and judicial decisions in his pending criminal case do not establish any of these grounds. Petitioner's challenges to the state court's jurisdiction and proceedings do not rise to the demanding level of "extraordinary circumstances." *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("Only if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference accorded to the state criminal process.").

The *Younger* abstention doctrine requires this Court to decline involvement in petitioner's pending state court criminal proceedings, and no meritorious exceptions or extraordinary circumstances are shown.

### III.   CONCLUSION

Petitioner's habeas petition is **DISMISSED WITH PREJUDICE** pursuant to *Younger v. Harris*. Any and all pending motions are **DISMISSED AS MOOT**. To any extent necessary, a certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 21st day of June, 2024.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE